CLARK *v*. HEATH.

5-296                                    264 S. W. 2d 405

Opinion delivered February 8, 1954.

*Dale Hopper,* for appellant.

*Jack P. West,* for appellee.

J. SEABORN HOLT, J. Appellee brought this suit to recover damages to his automobile resulting from a collision between his car (driven by his daughter at the time) and a truck belonging to appellant. Appellee

alleged, in effect, that the damages resulted solely from the negligence of appellant's truck driver in driving the truck. Appellant answered with a general denial and alleged that any damage to appellee's car "was due to the negligence of the driver of plaintiff's car in that the driver did not exercise ordinary care to keep a lookout for other motor vehicles including defendant's motor truck approaching same street intersection or crossing."

A jury trial resulted in a verdict for appellee in the amount of $395.46, and from the judgment is this appeal.

For reversal, appellant argues that there was no substantial evidence to support the verdict and that the trial court erred in refusing "to give at appellant's request, his required defense instruction No. 2, with reference to the duty of the driver of appellee's motor vehicle to have kept the required lookout while operating that vehicle on the public street, at its intersection with the other public street, within Forrest City, Arkansas, immediately before and at the time of the collision concerned herein."

—(1)—

There appears to be little, if any, dispute as to material facts at the time of the mishap in the forenoon of October 19, 1951. Appellee's daughter testified that while she was driving north on Izard Street in Forrest City, as she approached and entered the intersection of Izard and Broadway, appellant's truck was approaching the intersection from the west downgrade. It is admitted that the brakes on appellant's truck were not working and that he entered the intersection against the red light. Appellee's daughter also testified that she did not see the truck until it hit the automobile she was driving, until she had proceeded into the intersection and passed under the signal light which hung above the intersection and that the truck driver did not blow his horn or give any warning signal. When the collision took place, she looked back and saw the traffic light was still green. The front part of her car was hit.

As indicated, appellant's truck driver testified, in effect, that his brakes would not work, "after I had

done everything in my power to stop the truck, and not having any success in even slowing it down, I was nearing the intersections of Broadway and Izard Streets, and the stop light was red on Broadway Street and green on Izard Street. I saw Miss Heath nearing the intersection going north on Izard and I pulled the truck to the right as far as I could to avoid hitting her, but she ran into the back of the truck's bed after I had run through the light.''

In the circumstances, we hold that the evidence was substantial and ample to support the jury's verdict.

Appellee's alleged contributory negligence was submitted to the jury under proper instructions, and resolved in favor of appellee, *East* v. *Woodruff,* 209 Ark. 1046, 193 S. W. 2d 664.

—(2)—

As to appellant's contention that the court erred in refusing to give his offered Instruction No. 2, we hold it to be untenable for the reason that this instruction was fully covered in other instructions given. In effect, this instruction would have told the jury that it was the duty of the driver of appellee's automobile, in approaching the intersection, to exercise ordinary care to keep a lookout for motor vehicles approaching the intersection and street crossings. This instruction was fully covered, in effect, by the following instruction which the court gave.

''You are instructed that when a vehicle enters an intersection upon a green light that vehicle has the right-of-way and the right to proceed, and the right to assume that a vehicle approaching on the red light will stop, unless the driver of the vehicle approaching on the green light knows there is an apparent dangerous situation at the intersection at the time in which case the driver of the vehicle approaching on the green light is required to exercise ordinary care in discovering the peril. In other words, if you find that the traffic light was green when the automobile of the plaintiff entered the intersection the driver of that vehicle had the right-

of-way and the right to proceed, unless it was apparent to her or she knew, or by the exercise of ordinary care, she should have known and it was apparent that the truck of the defendant was in a perilous position to her automobile and that he could not stop.''

We have many times held that the trial court is not required to repeat or multiply instructions.

No error appearing, the judgment is affirmed.